IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED BAGS, INC. a Missouri corporation, | ) ) ) | |
| Plaintiff, | ) ) | No. 25 C 7408 |
| v. | ) ) ) | Judge Robert W. Gettleman |
| BAG CORP., a Texas corporation d/b/a Fast Pro Bags, and JODI WILLIAMSON SIMONS | ) ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM OPINION & ORDER**

Plaintiff United Bags, Inc. brings this three-count complaint against Fast Pro Bags and Jodi Simons seeking injunctive and monetary relief for a breach of contract. Defendants move to dismiss the complaint in its entirety. For the reasons below, defendants' motion to dismiss (Doc. 21) is denied.

## **BACKGROUND**

This is a contract dispute about the sale of a business. Plaintiff is a business that sells bulk packaging materials. Bag Corp. was the name of a business in the same industry. Plaintiff entered into asset purchase agreement ("purchase agreement") with defendants to purchase certain assets and assume certain liabilities from Bag Corp. In likely oversimplified terms, plaintiff purchased Bag Corp. from defendants. After the sale of Bag Corp. to plaintiff, it alleged that defendants have continued to do business in the same industry under the name "Fast Pro Bags." Plaintiff's breach of contract claims allege failure to deliver certain accounts receivable

1

and defendants' operation of Fast Pro Bags in violation of a non-compete clause contained in the purchase agreement.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss, plaintiff must clear two hurdles: (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests;" and (2) "its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008). At this stage, "the court must construe all of the plaintiff's factual allegations as true and must draw all reasonable inferences in the plaintiff's favor." Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

I.      Injunctive Relief

Defendants argue that the court should dismiss Count I because plaintiff failed to adequately allege entitlement to injunctive relief. Plaintiff responds that whether injunctive relief can be granted is irrelevant at the pleading stage, because the court is not in a position to grant or deny the injunctive relief that plaintiffs ultimately seek. The court agrees with plaintiffs.

Defendants' own arguments, which demand "additional evidence," make obvious why such a determination is inappropriate at the motion to dismiss stage. At the motion to dismiss stage, the court takes no evidence and instead construes all of the plaintiff's well-pled factual allegations as true. Virnich 664 F.3d at 212.

The court also rejects defendants' additional argument, raised for the first time on reply, that the court should dismiss Count I because "an injunction is, in fact, a form of relief—not a separate cause of action." The court agrees with defendants that an injunction is a form of relief, not a separate cause of action. Thus Counts I and II are redundant' they both allege the same breach of contract. But redundancy is not a reason to dismiss under Rule 12(b)(6), and from a practical standpoint, dismissing Count I would accomplish nothing.[1] Consequently, the court declines to do so.

## II. Breach of Contract

Defendants argues that the court should dismiss Counts I-III because plaintiff failed to plead the elements of breach of contract. Defendants correctly states that under Illinois law, a breach of contract claim has four elements: "(1) the existence of a valid and enforceable contract, (2) substantial performance by the plaintiff, (3) breach by the defendant, and (4) damages caused by that breach." In re Dealer Mgmt. Sys. Antitrust Litig., 680 F. Supp. 3d 1011, 1020 (N.D. Ill. 2023) (citing Ivey v. Transunion Rental Screening Sols., Inc., 215 N.E.3d 871, 877 (Ill. 2022)). Defendants contend that plaintiff has failed to allege the existence of a valid and enforceable contract, breach of a contract term, and damages.

---

[1] Redundancy is a proper ground to strike under Fed. R. Civ. P. 12(f), which permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." That being said, the court would not look kindly on such a motion because, as stated above, it would be a waste of time.

A. The existence of a valid and enforceable contract

Defendants argue that plaintiff fails to allege the existence of a valid and enforceable contract for two reasons. First, plaintiff fails to allege consideration. Second, the provision that plaintiff seeks to enforce is unenforceable under state (and perhaps federal) antitrust law.

The court rejects defendants' first argument. Plaintiff is not required to allege consideration to survive a motion to dismiss. As stated above, to state a claim for a breach of contract a plaintiff must allege the existence of a valid and enforceable contract. See Ivey, 215 N.E.3d at 877. While consideration is an element of contract formation, defendants cite no authority supporting the proposition that a plaintiff must allege each element of contract formation to state a claim for breach of contract. As defendants concede, the complaint asserts that the purchase agreement was a valid contract. That is all that is required of plaintiff on this element at this stage.

At first glance, defendants' second argument—that the contract provision at issue is unenforceable—adds a few wrinkles into an otherwise straightforward issue. Defendants argue that the contract provision at issue, a noncompete agreement, is unenforceable under Illinois law. Plaintiff responds that Illinois law is irrelevant because of a Delaware choice-of-law clause in the contract. In reply, defendants argue that under either Illinois or Delaware law, the noncompete agreement is unenforceable. According to the parties, before the court can reach the question of whether the noncompete agreement is unenforceable, it must address a choice of law problem.

But the court declines to reach the choice of law problem or the question of whether the non-compete is unenforceable, because answering either question would require the court to look impermissibly beyond the pleadings. As Fed. R. Civ. P. 12(d) makes clear: "If, on a motion

4

under Rule 12(b)(6)…matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." Because it would be premature to convert this motion into a motion for summary judgment, the court accordingly excludes matters outside the pleadings. See Doss v. Clearwater Title Co., 551 F.3d 634, 639 (7th Cir. 2008) (explaining that the district court made a "mistake…in thinking that it was entitled to rely on the deed of sale attached to the defendants' Rule 12(b)(6) motion, in the course of adjudicating that motion").

Here, as defendants point out, the complaint refers to contractual provisions but does not include a copy of the contract which contains the terms at issue (choice of law and noncompete). If plaintiff had attached the contract to the complaint[2], then the court could consider it because Rule 10(c) provides that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." And if defendants had attached a copy of the contract to their motion to dismiss, then the court could consider it because "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). But because neither party attached a copy of the contract, the argument on the content of contractual terms in the motion papers are references to matters outside the pleadings. Consequently, the choice of law and enforceability of the noncompete are matters beyond the scope of what the court can consider on a motion to dismiss. All that remains on this element is plaintiff's allegation of a valid and enforceable contract, which the court finds sufficient at this stage.

---

[2] The court agrees with defendants that it would have been better practice for plaintiff to have attached a copy of the purchase agreement (which plaintiff claims is "confidential") under seal, allowing the court to examine its provisions. Of course, defendants could have done the same in their motion to dismiss.

B. Breach of a contract term

Defendants argue that plaintiff fails to allege a breach of a contractual term. According to defendants, they "are not placed on adequate notice of the specific terms in the contract alleged to be violated" because plaintiff "fails to include any of the provisions of the contract allegedly breached." This argument falls apart upon a quick look at the complaint. Plaintiff alleges multiple times that defendants breached "Section 4.2 of the APA." Plaintiff also alleges that defendants violated "Section 4.6 of the APA" by failing to promptly deliver accounts receivable. Accordingly, after viewing the complaint in the light most favorable to the plaintiff, the court finds that plaintiff has sufficiently pled the breach of a contract term.

C. Damages

Defendants argue the plaintiff failed to allege damages. While defendants concede that the complaint does allege damages, defendants maintain that those allegations are impermissibly conclusory. Defendants cite Avery v. State Farm Mutual Auto. Ins. Co., 835 N.E.2d 801, 832 (Ill. 2005), for the proposition that plaintiff is required to "establish an actual loss or measurable damages resulting from the breach in order to recover." While that is a correct statement of law as to what plaintiff must establish to ultimately recover damages, it says nothing about the factual content that plaintiff must plead to survive a motion to dismiss. At the motion to dismiss stage, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Here, plaintiff has pled that it has been damaged by: "(1) the Defendants' failure to turn over accounts receivable that belong to United Bags; (2) the Defendants soliciting business from United Bags' customers; and (3) the Defendants using the logo that was acquired by United Bags

6

via the APA transaction." The court finds that this is sufficient factual content to draw the reasonable inference that plaintiff was damaged. To take one example, defendants' alleged failure to turn over accounts receivable is an extremely straightforward allegation of damages; there are dollars that plaintiff cannot collect because of defendants' alleged breach. Consequently, the court finds that plaintiff has adequately pled damages.

### III. Jodi Simmons

Defendants argue that Count I and Count III should be dismissed as to Jodi Simons. Defendants argue that Simons should not be held personally liable for Fast Pro's obligations under the contract. The court agrees with the proposition that a corporate officer cannot be held personally liable for obligations of the corporation. See, e.g., Inteliquent, Inc. v. Free Conferencing Corp., 503 F. Supp. 3d 608, 649 (N.D. Ill. 2020) (explaining that "typically, high-ranking corporate officers cannot be held personally liable for the corporation's actions"); Macaluso v. Jenkins, 420 N.E.2d 251, 258 (Ill. App. 2d 1981). But the allegation here is not that Simons is liable for the actions of Fast Pro because she was a principal of that corporation. Instead, Counts I and III of the complaint allege that Simons is a party to the contract in her personal capacity and breached the noncompete agreement in the contract. Consequently, the court will not dismiss Counts I and III as to Simons.

**CONCLUSION**

For the above reasons, defendants' motion to dismiss is denied (Doc. 21). Defendants are directed to answer the complaint on or before January 5, 2026. The parties are directed to submit a joint status report, using this court's form by January 12, 2026.

**ENTER:**

Robert W. Gettleman
United States District Judge

**DATE: December 8, 2025**